14-545-cv
*Gordon v. City of New York, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand fifteen.

PRESENT:

> CHESTER J. STRAUB,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

TOMEKO A. GORDON AND WILLIAM MURAWSKI,

> *Plaintiffs-Appellants*,

> v.                                        No. 14-545-cv

CITY OF NEW YORK, CITY OF NEW YORK FIRE DEPARTMENT, EMERGENCY MEDICAL SERVICES, LIEUTENANT WILLIAM POTASSO, LIEUTENANT GRANT SIMMONS, EMERGENCY MEDICAL TECHNICIAN RICHARD RIVERA, DEPUTY CHIEF ANDREW WERNER, MICHAEL FIELDS, CONFIDENTIAL INFORMANT 206, CONFIDENTIAL INFORMANT 209,

> *Defendants-Appellees*,

WILLIAM RODRIGUEZ (DECEASED),

*Defendant.*[*]

_____

FOR PLAINTIFFS-APPELLANTS: GREGORY G. SMITH, Law Office of Gregory G. Smith, New York, NY.

FOR DEFENDANTS-APPELLEES: RONALD E. STERNBERG, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 26, 2013 judgment of the District Court is **AFFIRMED**.

While working as emergency medical technicians ("EMTs") for the New York City Fire Department ("FDNY"), plaintiffs Tomeko Gordon and William Murawski were violently assaulted by defendant William Rodriguez, a fellow EMT. Gordon reported this assault to the police. Gordon and Murawski, both seriously injured, missed approximately six weeks of work following the incident. Shortly after plaintiffs returned to work, Rodriguez committed suicide. In the months that followed, Gordon and Murawski allege, they were ridiculed, ostracized, and blamed for Rodriguez's suicide by their co-workers. Nearly three years after the assault, plaintiffs filed a civil complaint against their co-workers and their employer. They alleged twelve causes of action: seven under federal law (42 U.S.C. §§ 1981, 1983, and 1985) and five under state law. The District Court dismissed plaintiffs' federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and then declined to exercise supplemental jurisdiction over the state-law claims.

On appeal, plaintiffs challenge the dismissal of only a subset of their federal claims. In particular, they assert that their complaint adequately alleged that: (1) both Gordon and

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Murawski experienced unlawful retaliation by their employer for engaging in protected First Amendment activity—reporting the assault to the police; (2) both plaintiffs were subjected to a hostile work environment on the basis of race (Gordon is black and Murawski is white); and (3) Gordon endured a hostile work environment on the basis of sex. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Adelson v. Harris*, 774 F.3d 803, 807 (2d Cir. 2014). A court is not bound, however, to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

To state a *prima facie* case for First Amendment retaliation, a public employee must demonstrate that "[1] he has engaged in protected First Amendment activity, [2] he suffered an adverse employment action, and [3] there was a causal connection between the protected activity and the adverse employment action." *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (per curiam) (internal quotation marks omitted). With regard to the first element, an employee's speech is protected by the First Amendment if he "spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). "If the court determines that the plaintiff either did not speak as a citizen or did not speak on a matter of public concern, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Sousa v. Roque*, 578 F.3d 164, 170 (2d Cir. 2009) (internal quotation marks omitted).

As noted, the "speech" at issue here is Gordon's complaint to the police about Rodriguez's attack. Defendants do not dispute that she was speaking as a citizen, rather than as an FDNY employee, when she made the report. *See* Appellees' Br. at 11. The question, therefore, is whether Gordon spoke "on a matter of public concern."

3

"Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record." *Lewis v. Cowen*, 165 F.3d 154, 163 (2d Cir. 1999) (citing *Connick v. Myers*, 461 U.S. 138, 147–48 & n.7 (1983)). Speech addresses a matter of public concern when it "relat[es] to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest." *Lane v. Franks*, 134 S. Ct. 2369, 2380 (2014) (internal quotation marks omitted). Among the relevant considerations in deciding if speech addresses a matter of public concern "is whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013) (internal quotation marks omitted).

Here, the complaint contains no plausible allegation that Gordon's statement to the police was anything more than a simple, individualized assault report. As averred in the complaint, Gordon "reported to the police that Rodriguez [had] attacked [plaintiffs]," J.A. 69 (Compl. ¶ 154), and "summoned police to assist [Murawski]" after the assault, J.A. 61 (Compl. ¶ 109). Although the complaint includes an allegation that the FDNY "has a policy and custom of covering up workplace violence," J.A. 48 (Compl. ¶ 49), it fails to plead facts suggesting that the police report itself was an attempt to expose this policy. Indeed, the "content, form, and context" of Gordon's police report—a request for help in the immediate aftermath of an attack—lead to the conclusion that the report was "personal in nature and generally related to [Gordon's] own situation," not an effort "to correct allegedly unlawful practices or bring them to public attention." *Huth v. Haslun*, 598 F.3d 70, 74–75 (2d Cir. 2010) (internal quotation marks omitted). Accordingly, the District Court did not err in holding that Gordon's speech did not address a matter of public concern and was therefore not protected speech that could form the basis of a First Amendment retaliation claim.

Plaintiffs also claim that they were subjected to a hostile work environment—both Gordon and Murawski on the basis of race, and Gordon on the basis of sex as well. This argument is without merit. "[I]t is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through other means, is actionable . . . only when it

4

occurs because of an employee's protected characteristic." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (alterations, emphasis, and internal quotation marks omitted). In pleading the connection between the mistreatment and the protected characteristic, "mere conclusory statements[] do not suffice." *Iqbal*, 556 U.S. at 678; *see also E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014).

Plaintiffs' allegations of a hostile work environment on the bases of race and sex are wholly conclusory. The gravamen of the complaint is that Gordon and Murawski were "made to feel responsible for Rodriguez's suicide" and taunted by co-workers "because [Gordon] reported Rodriguez's violent attack to police." J.A. 61–62 (Compl. ¶¶ 112–113). The complaint contains no plausible allegation that the behavior of plaintiffs' co-workers was *additionally* motivated by racial and gender animus. Moreover, that both plaintiffs were subjected to similar treatment while Gordon is a black woman and Murawski is a white man undermines both of their hostile work environment claims. *See Brown v. Henderson*, 257 F.3d 246, 254 (2d Cir. 2001) ("[I]n the absence of evidence suggesting that a plaintiff's sex was relevant, the fact that both male and female employees are treated similarly, if badly, does give rise to the inference that their mistreatment shared a common cause that was unrelated to their sex."). The District Court's dismissal of plaintiffs' hostile work environment claims was therefore not erroneous.

We have considered plaintiffs' remaining arguments and find them to be without merit. For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5